UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN JOSEPH SHORT,

        Plaintiff,                     Case No. 24-cv-11037

v.                                 Paul D. Borman
                                 United States District Judge

ANTHONY MARQUETTE,

        Defendants.

_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S
APPLICATION TO PROCEED IN FORMA PAUPERIS (ECF NO. 2),
DISMISSING COMPLAINT (ECF NO. 1), AND DENYING PLAINTIFF'S
MOTION FOR EXIGENT DETERMINATION OF CASE, TO CHANGE
VENUE, AND FOR THE CHIEF JUDGE TO HEAR THIS CASE (ECF NO.
5) AS MOOT**

On April 19, 2024, Plaintiff Brian Short filed a *pro se* Complaint against

Defendant Anthony Marquette. Plaintiff's sprawling Complaint is largely

incomprehensible, and it makes fantastical allegations of broad conspiracies that are

without factual basis.

Plaintiff also filed an Application to Proceed Without Prepaying Fees or

Costs. (ECF No. 2). Plaintiff indicates that he makes $1,080 per month and pays

$1,050 in rent and utilities. (*Id*. at PageID.9). The Court has reviewed the

Application and is satisfied that the prepayment of the filing fee would cause an

undue financial hardship on Plaintiff and, therefore, **GRANTS** Plaintiff's

Application and permits Plaintiff to proceed *in forma pauperis*. *See* 28 U.S.C. §

1915(a); *Gibson v. R.B. Smith Co.*, 915 F.2d 260, 262 (6th Cir. 1990).

Once a court grants a plaintiff permission to proceed *in forma pauperis*, it

must review the complaint pursuant to 28 U.S.C. § 1915(e). *Brown v. Bargery*, 207

F.3d 863, 866 (6th Cir. 2000). The court "shall dismiss" the case if the court finds

that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be

granted; or (iii) seeks monetary relief against a defendant who is immune from such

relief." 28 U.S.C. § 1915(e)(2)(B). The Court is required to construe a plaintiff's *pro*

*se* complaint liberally and to hold that complaint to a less stringent standard than one

drafted by an attorney. *Spotts v. United States,* 429 F.3d 248, 250 (6th Cir. 2005)

(citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). However, § 1915(e)(2)(B)

directs that this Court must nonetheless dismiss such a complaint if, given that liberal

construction, it is frivolous or fails to state a claim on which relief can be granted.

To state a claim for relief, the factual allegations of the complaint must

demonstrate a plausible entitlement to relief. *Bell Atlantic Corp. v. Twombly*, 550

U.S. 544, 564 (2007). The *Twombly* standard governs dismissals under § 1915(e)(2).

*Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). "A complaint 'is frivolous

when it lacks an arguable basis either in fact or in law;'" a complaint "lacks an

arguable or rational basis in fact if it describes 'fantastic or delusional scenarios.'"

*Abner v. SBC (Ameritech)*, 86 F. App'x 958, 958 (6th Cir. 2004) (quoting *Neitzke v.*

*Williams*, 490 U.S. 319, 325, 327–28 (1989)). But *sua sponte* dismissal "is appropriate in only the rarest of circumstances where … the complaint is deemed totally implausible." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999); *see also Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) ("[A] [federal] court may dismiss a claim as factually frivolous . . . if the facts alleged are 'clearly baseless,' a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.' As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.") (citations omitted). This case falls within those rarest of circumstances.

Plaintiff's Complaint makes a number of fantastical allegations against Defendant Anthony Marquette who Plaintiff describes as "mad lunatic[,] deranged[,] and highly dangerous." (ECF No. 1-1, PageID.5). Plaintiff alleges that Defendant is a highly skilled engineer who "has [the] ability to frack and make people lose their memory and place new and different thoughts within [one's] head" and that Defendant "runs around with a brute crew of around 1,200,000 people." (*Id*).

From what the Court can discern, Plaintiff alleges that Defendant has used his nefarious abilities to steal vast sums of money from Plaintiff as well as Bill Gates, Ted Turner, and the State of Michigan. (ECF No. 1, PageID.1). Plaintiff further alleges that Defendant has covered his crimes with an elaborate system of bribes and

mind-manipulation in an attempt to "overtake the whole entire world." (*Id*. at PageID.2).

Plaintiff, citing a number of federal statutes and provisions of the Constitution, seeks a lien against Defendant for "all of his property and possessions including the businesses that he has or sold" and for the court to issue criminal charges against Defendant. (ECF No. 1, PageID.3).

In short, even when construed liberally, Plaintiff's Complaint patently fails to plausibly plead any facts suggesting the existence of a cognizable case or controversy under federal laws or statutes, or any other recognized body of law. After reviewing the record, this Court finds that "[i]t is clear that this Court is not the forum that can provide [the plaintiff] with the type of assistance [he] truly needs," and that his "allegations are simply based on some paranoid or delusional fantasy and unsupported imaginings that Defendant[] [is] engaged in an elaborate and massive criminal conspiracy to torture and torment [him]." *Marshall v. Stengel*, No. 10-159, 2010 WL 1930172, at *3 (W.D. Ky. May 12, 2010); *see also Teddy-Lawrence v. Mellos*, No. 11-10980, 2012 WL 3731707, at *1 (E.D. Mich. Aug. 28, 2012), *aff'd*, No. 12-2192 (6th Cir. Feb. 11, 2013) ("[T]he complaint itself [is] an agglomeration of incomprehensible claims littered with extraneous detail and argumentative statements, punctuated with buzzwords and gibberish [and] the

pleading violate[s] all the basic precepts of Federal Rule of Civil Procedure 8 and fail[s] to state an intelligible claim.").

In sum, for the reasons articulated above, Plaintiff's Application to Proceed *in Forma Pauperis* (ECF No. 2) is **GRANTED**. However, because Plaintiff's Complaint is entirely frivolous and nonsensical it is **DISMISSED WITH PREJUDICE** pursuant to § 1915(e)(2)(B). Accordingly, Plaintiff's Motion for Exigent Determination of Case, to Change Venue, and for the Chief Judge to Hear this Case (ECF No. 5) filed on April 19, 2024, which is equally nonsensical is **DENIED** at moot.

**SO ORDERED.**

Dated: April 19, 2024                         s/ Paul D. Borman
                                              Paul D. Borman
                                              United States District Judge